UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES QUERETTE and VINCENT ISERNIA, on behalf :
of themselves and all others similarly situated,              :
                                                                         : Case No. 7:22 Civ. 356
                                        Plaintiffs,      :
       - against -                                                 :
                                                                      : CLASS ACTION COMPLAINT
CHROMALLOY GAS TURBINE LLC,                          :
                                        Defendant.     :
------------------------------------------------------------------------X

       Plaintiffs James Querette and Vincent Isernia ("Class Representatives" or "Plaintiffs") by and through their attorneys Kessler Matura P.C., complaining of Chromalloy Gas Turbine LLC ("Defendant" or "Chromalloy") allege as follows:

## INTRODUCTION

       1.      Plaintiffs were manual workers employed at Defendant's Orangeburg, New York facility.

       2.      Defendant paid Plaintiffs and their coworkers on a biweekly basis.

       3.      As a result, Defendant violated the requirement that manual workers be paid on a weekly basis in accordance with the New York Labor Law ("NYLL"), Article 6, §§ 190, *et seq.*

       4.      Plaintiffs bring this action under NYLL § 198 for liquidated damages and interest, arising from Defendant's violation of NYLL § 191.

       5.      Because the harm suffered by Plaintiffs and their coworkers was widespread, Plaintiffs bring this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All employees working in the State of New York for Defendant as manual workers, who were paid on a biweekly basis at any time in the six years prior to the filing of this Complaint.

**JURISDICTION & VENUE**

6. Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1332(a), (c) and (d).

7. Plaintiffs do not share a state of citizenship with Defendant.

8. Plaintiffs are citizens of New York State.

9. Defendant is not a citizen of New York State.

10. Defendant is a citizen of the State of Florida, by virtue of being headquartered at 4100 RCA Blvd., Palm Beach Gardens, Florida.

11. Defendant is also a citizen of the State of Delaware, where it is incorporated.

12. This action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this action occurred in Rockland County, New York.

13. Plaintiffs seek liquidated damages, under NYLL § 198, equal to the 100% of the Class's late-paid wages. Because Plaintiffs and the Class were paid on a biweekly basis, roughly one-half of their annual wages were paid late. Thus, the measure of damages in controversy is equal to, roughly, one-half of the Class's wages paid by Defendant for the six-years preceding the filing of this Complaint.

14. Because there are, upon information and belief, over 200 members of the Class working for Defendant in full-time positions – working about 40 hours a week – at any time, the Class worked no less than 5,200 full-time workweeks in which they were paid late per year. Members of the Class, including Plaintiffs, are generally paid at least $20 an hour; therefore, in any given year the amount in controversy exceeds $4,000,000.

15. As a result, the amount in controversy exceeds $75,000.

16. The amount in controversy also exceeds $5,000,000.

## THE PARTIES

*Plaintiff James Querette*

17. Querette is a Rockland County, State of New York resident.

18. Querette worked for Defendant as production worker from January 2020 to May 2020.

19. He was an hourly-paid worker, paid on an IRS Form W2.

20. At all times relevant, Querette was an "employee" as defined by NYLL § 190(2)

21. Querette repaired and prepped parts for airplane engines within Defendant's production facility in Orangeburg, New York.

22. The majority of Querette's time was spent performing physical labor.

23. Querette's work was non-clerical, non-managerial, and not related to sales.

24. As a result, at all times relevant, Querette was a "manual worker" as per NYLL § 190(4).

25. Querette was entitled to payment of his wages withing seven calendar days after the end of the workweek, as per NYLL §191(1)(a).

26. Throughout his employment, however, Defendant paid Querette every two weeks.

27. As a result, his wages in the first week of the two-week payment cycle were late every time he was paid, in violation of the NYLL.

*Plaintiff James Isernia*

28. Isernia is an Orange County resident.

29. Isernia worked for Defendant as October 2018 to July 2019.

30. He was an hourly-paid worker, paid on an IRS Form W2.

31. At all times relevant, Isernia was an "employee" as defined by NYLL § 190(2)

32. Isernia worked as an Electro Discharge Machine Operator, manufacturing airplane engines within Defendant's production facility in Orangeburg, New York.

33. The majority of Isernia's time was spent performing physical labor, including setting up the machines, inspecting the production, performing maintenance on the equipment, and lifting, carrying, and moving parts and materials.

34. Isernia's work was non-clerical, non-managerial, and not related to sales.

35. As a result, at all times relevant, Isernia was a "manual worker" as per NYLL § 190(4).

36. Isernia was entitled to payment of his wages withing seven calendar days after the end of the workweek, as per NYLL §191(1)(a).

37. Throughout his employment, however, Defendant paid Isernia every two weeks. In particular, during all pay periods from January 2019 through his termination.

38. As a result, his wages in the first week of the two-week payment cycle were late every time he was paid, in violation of the NYLL.

*Defendant Chromalloy Gas Turbine LLC*

39. Chromalloy is a foreign corporation authorized to do business in the State of New York.

40. Chromalloy's headquarters are in the State of Florida.

41. Chromalloy operates a production facility at 330 Blaisdell Rd, Orangeburg, NY 10962.

42. Chromalloy is a global technology company.

43. Chromalloy's Orangeburg facility manufactures airplane parts.

44. Chromalloy is an "employer" within the meaning of NYLL § 190(3).

## CLASS ACTION ALLEGATIONS

45. Plaintiffs brings this action on their behalf and as a class action, pursuant Rule 23(a) and (b), on behalf of the Class

46. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

47. Upon information and belief, the size of the Class exceeds 400.

48. At any given time within the last six years, Chromalloy has employed 250 or more full-time manual laborers whom Chromalloy paid on a biweekly basis.

49. This case is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. whether Defendant failed to pay timely wages to the Class Representatives and the Class in violation of and within the meaning of the NYLL § 191(1)(a);

   b. whether Defendant acted in good faith when failing to pay the Class Representatives and the Class timely; and

   c. the nature and extent of class-wide injury and the measure of damages for those injuries.

50. The Class Representatives fairly and adequately protect the interests of the Class and have no interests antagonistic to the class.

51. The Class Representatives are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

52. The Class Representatives and the Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

53. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

54. Plaintiffs' claims are typical of those of the Class. Plaintiffs and the Class were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

55. Plaintiffs' job duties and manner of payment are typical of those of the Class.

56. That is, Plaintiffs and the Class were manual workers. They spent over 25% of their working time on physical labor such as: operating tools and machines; carrying, lifting, or otherwise moving products and materials; maintaining machines; and remaining on their feet to complete their duties.

57. Plaintiffs and the Class were paid every other week.

58. Defendant applied their biweekly payment policy to the Class uniformly.

59. Plaintiffs and the Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

60. Defendant did not possess a good faith basis for deciding to pay and thereafter continuing to pay their employees' wages biweekly.

61. The State of New York has required manufacturers and factory operators, like Defendant, to pay their manual workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1 ("Every manufacturing . . . company shall pay weekly, each and

every employee engaged in its business, the wages earned by such employee to within six days of the date of such payment . . . ."); N.Y. Session Law 1897, Ch. 415 §§ 2, 10 ("Every corporation . . shall pay weekly to each employe [sic] the wages earned by him to a day not more than six days prior to the date of such payment.").

62. A reasonable employer inquiring into New York's wage payment rules would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Questions flyer regarding the Wage Theft Prevention Act (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dept. 2019).

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a global corporate defendant. The Class has been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## FIRST CAUSE OF ACTION
### NYLL – Untimely Payment of Wages

64. Plaintiffs incorporate by reference all preceding allegations.

65. Defendant failed to pay Plaintiffs and the Class on a weekly basis as required by NYLL § 191(1)(a).

66. Defendant has not employed over 1,000 individuals in the State of New York for one or more consecutives years.

67. Defendant has not received authorization under NYLL § 191(1)(a)(ii) from the Commissioner of Labor to pay its employees less frequently than once per week.

68. Defendant does not possess a good faith basis for believing that its delayed payment of wages complied with the law.

69. Due to Defendant's violations of NYLL § 191(1)(a), Plaintiffs and the Class owed liquidated damages amounting to the value of any late-paid wages during the six years prior to the filing of this complaint, interest, and reasonable attorneys' fees and costs as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. Certification of this case as a Class Action under Rule 23;

B. Appointment of Plaintiffs as Class Representatives;

C. Appointment of Kessler Matura P.C. as Class Counsel;

D. Liquidated damages;

E. Attorney's fees and costs of the action;

F. Pre-judgment interest and post-judgment interest as provided by law;

G. A declaratory judgment that the practices complained of are unlawful; and

H.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
       January 14, 2022

>                       Respectfully submitted,
>
>                       By: /s/ *Troy L. Kessler*
>                               Troy L. Kessler
>
>                       **KESSLER MATURA P.C.**
>                       Troy L. Kessler
>                       Garrett Kaske
>                       534 Broadhollow Road, Suite 275
>                       Melville, NY 11747
>                       Phone: (631) 499-9100
>                       Fax: (631) 499-9120
>                       tkessler@kesslermatura.com
>                       gkaske@kesslermatura.com
>
>                       ***Attorneys for Plaintiffs and***
>                       ***the Putative Class***